**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4605**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL C. HILLIARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:17-cr-00044-HEH-1)

Submitted:  May 14, 2018                    Decided:  May 25, 2018

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Richard Daniel Cooke, Assistant United States Attorney, Heather Hart Mansfield, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael C. Hilliard pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 90 months' imprisonment. Hilliard appeals. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court failed to ensure that Hilliard was making a knowing and voluntary decision to plead guilty and whether Hilliard's sentence is procedurally unreasonable. Although advised of his right to file a pro se supplemental brief, Hilliard has not done so.

Counsel first questions whether Hilliard's guilty plea was knowingly and voluntarily entered because the district court failed to adequately comply with Fed. R. Crim. P. 11 during the guilty plea hearing. Specifically, counsel asserts that the district court failed to: (1) describe the elements of the offense, (2) ascertain that Hilliard was aware of his constitutional right to confront and cross-examine government witnesses, and (3) ensure that Hilliard had not been forced or threatened into pleading guilty. Because Hilliard did not move to withdraw his guilty plea, this court reviews the adequacy of the Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under this standard, Hilliard "must demonstrate not only that the district court plainly erred, but also that this error affected [his] substantial rights." *Id.* at 816. A defendant who pleads guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error. *United States v. Davila*, 569 U.S. 597, 608 (2013).

2

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

We have reviewed the transcript of Hilliard's guilty plea hearing and find that the district court substantially complied with Rule 11, ensuring that Hilliard entered his plea knowingly and voluntarily and that a factual basis supported the pleas. *See DeFusco*, 949 F.2d at 116, 119-20 (explaining Rule 11 requirements). Accordingly, we find that any omission by the district court was harmless and that Hilliard's guilty plea was valid.

Next, counsel questions the procedural reasonableness of Hilliard's sentence because the district court failed to adequately explain its reasons for the chosen sentence. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a)

3

(2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). In evaluating a sentencing court's explanation of a selected sentence, this court consistently has held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted).

We have reviewed the record and conclude that the district court properly calculated Hilliard's Guidelines range and, although the district court's sentencing explanation was brief, it was not procedurally deficient. Rather, the record demonstrates that the district court conducted an individualized assessment of Hilliard's circumstances and adequately explained its decision before imposing sentence. The sentence was therefore procedurally reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hilliard's conviction and sentence. This court requires that counsel inform Hilliard, in writing, of the right to petition the Supreme Court of the United States for further review. If Hilliard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hilliard. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*